**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20160-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| JUAN MATA SOTO, | ) | **No. 10-2684-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate,

Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #325) filed December 20,

2010. In the interest of justice, the Court directs the parties to file briefs which are limited to the

issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377,

378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers

interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt

administration of justice). In particular, defendant's claims appear to be barred because he did not

raise them on direct appeal, see United States v. Williams, 139 Fed. Appx. 974, 976 (10th Cir.

2005), and because in the plea agreement, he waived his right to file collateral challenges,[1] see

United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A court may raise procedural

bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United

States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 Fed.

---

[1]     Except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir.
2001), the plea agreement waived any right to collaterally attack any matter in connection with
defendant's prosecution, conviction or sentence. See Plea Agreement ¶ 13, attached to Petition To
Enter Plea of Guilty And Order Entering Plea (Doc. #99) filed April 13, 2009.

Appx. 220, 224 (10th Cir. 2007) (district courts "permitted, but not obliged" to review, *sua sponte*, whether Section 2255 motion timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before February 22, 2011, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #325) filed December 20, 2010. On or before March 25, 2011, defendant may file a response brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 7th day of February, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge