## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,                )
                                          )
                      Plaintiff,          )        **CRIMINAL ACTION**
                                          )        **No. 08-20160-01-KHV**
v.                                        )
                                          )        **CIVIL ACTION**
JUAN MATA-SOTO,                           )        **No. 10-2684-KHV**
                                          )
                      Defendant.          )
_____)

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u>

<u>Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #325) filed December 20, 2010.

For reasons stated below, the Court overrules defendant's motion.

### Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that

the proceedings which led to defendant's conviction were correct.  <u>See</u> <u>Klein v. United States</u>, 880

F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which

resulted in a "complete miscarriage of justice."  <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974).

Liberally construed, defendant's motion asserts that (1) the Court should have suppressed

the statements of his co-defendants because officers violated the Fourth Amendment in obtaining

the statements, (2) at sentencing, the Court erred in calculating defendant's guideline range by

considering his proffer, the statements of his co-defendants and evidence which officers found at a

home that two co-conspirators rented; and (3) he did not knowingly enter a guilty plea because the

Court did not conduct an adequate plea colloquy.  The government asserts that the waiver of

collateral challenges in the plea agreement bars all of defendant's claims.  <u>See</u> <u>Government's</u>

Response To Defendant's Motion To Vacate Sentence Filed Pursuant To 28 U.S.C. § 2255 (Doc. #337) filed February 22, 2011 at 2, 12-15.

## I.   **Procedural Bar – Waiver Of Collateral Challenges (All Claims)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

### A.   Scope Of The Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **13.   Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised

-2-

release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b).  In other words, defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 13.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence.  In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  237 F.3d at 1187.

Here, defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence except as limited by Cockerham, i.e. except for ineffective assistance of counsel claims challenging the validity of the plea or waiver.  Because defendant's claims do not assert ineffective assistance of counsel, they fall within the scope of the waiver in the plea agreement.  See id.

B.      Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that he understood the charge against him, the maximum term of life in prison, the rights which he was waiving and the factual basis for his plea.  Defendant acknowledged that he had gone over the waiver of appeal and collateral challenges with his attorney.  Defendant conceded that the only exceptions to the waiver provision were if his attorney was ineffective as part of the change of plea process or if the government appealed the sentence.  Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it and that the only reason he was making a plea was that he was in fact guilty as charged.  Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary.  In sum, the language of the plea agreement, the plea petition and the Rule 11 colloquy establishes that defendant's waiver of his rights was knowing and voluntary.

C.      Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  Id. at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.

-4-

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of life in prison, which the Court explained during the plea process was the statutory maximum for the offense. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

## II.     Waiver Of Non-Jurisdictional Defenses (Claim 1)

A voluntary guilty plea waives all non-jurisdictional defenses and challenges to an inmate's conviction. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). The Tenth Circuit has noted as follows:

> The reason for this rule is well-established. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. at 1526 (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

Since defendant entered a plea of guilty, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Cockerham, 237 F.3d at 1187 (quoting United States v. Broce, 488 U.S. 563, 569 (1989)). As explained above, based on the plea petition, the plea

agreement and the Rule 11 colloquy, the Court finds that defendant's plea was counseled, knowing and voluntary. As to his first claim, defendant does not allege any deficiency in his plea or the plea process. Defendant has therefore waived his challenge to the admissibility of the statements of his co-defendants.

### III.      Substantive Merit Of Defendant's Claims (Claims 1, 2 and 3)

#### A.      Admissibility Of Informant/Accomplice Testimony

Defendant argues that the statements of his co-defendants should have been suppressed because (1) his co-defendants made the statements shortly after officers had arrested them for possession of narcotics, (2) his co-defendants had not previously acted as informants and (3) the statements did not result in the discovery of drugs in defendant's possession. See Doc. #325 at 12-19 (citing Wong Sun v. United States, 371 U.S. 471 (1963)).[1] Defendant essentially argues that the testimony of a co-defendant is per se inadmissible and cannot support a guilty verdict.

It is well established that co-defendants or accomplices may testify. See 10th Circuit Pattern Criminal Jury Instructions Section 1.14 (testimony of accomplice may be received in evidence even though it is not supported by other evidence). Indeed, so long as it is not incredible or unsubstantial, the uncorroborated testimony of a co-conspirator, is sufficient evidence on which to base a conviction. United States v. Parada, 577 F.3d 1275, 1284 (10th Cir. 2009); United States v. McIntyre, 997 F.2d 687, 708 (10th Cir. 1993), cert. denied, 510 U.S. 1063 (1994); see United States v. Whaler, 219 Fed. Appx. 821, 825-26 (10th Cir. 2007) (accomplice testimony alone, even uncorroborated, may support conviction; jury evaluates issue of witness credibility). Defendant has

---

[1]      Wong Sun addressed the admissibility of a co-defendant's unsigned out-of-court declaration made after arrest. See 371 U.S. at 488. Here, defendant tries to extend Wong Sun to preclude in-court testimony of co-defendants.

not explained a reasoned basis for excluding the testimony of co-defendants. Indeed, defendant's plea of guilty, combined with the factual summary of the basis for the plea, suggest that the statements of his co-conspirators were largely accurate summaries of defendant's involvement in the conspiracy.

B.    Calculation Of Drug Quantity

Defendant argues that at sentencing, the Court erred by considering the inadmissible statements of his co-defendants and evidence which officers found at a home which two co-conspirators rented.[2] Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.[3] The plea agreement more than adequately sets forth the factual basis for such a plea.[4] Even so, the Court also considered the statements of admitted

---

[2]    Defendant also argues that the Court erred by using his proffer in calculating his offense level. See Doc. #325 at 22-24. Section 1B1.8(a) of the Sentencing Guidelines provides as follows:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a). The PSIR specifically recognizes that defendant's proffer is "protected by U.S.S.G. § 1B1.8," PSIR (Doc. #232) at 13, and the Court did not consider defendant's proffer in determining the applicable guideline range.

[3]    Defendant incorrectly states that he pled guilty to conspiracy to distribute 500 grams or more of methamphetamine. See Doc. #325 at 22, 24; Doc. #343 at 2-3, 5.

[4]    On September 23, 2008, a confidential source purchased 26.9 net grams of 39.6% pure methamphetamine from Jose Morales-Ruiz, an admitted co-conspirator. See Plea Agreement ¶ 2. On October 14, 2008, a confidential source purchased 27.6 net grams of 80.6% pure methamphetamine from Morales-Ruiz. See id. On November 6, 2008, law enforcement discovered eight ounces of methamphetamine (later determined to be 221.7 net grams of 32.4% pure

(continued...)

co-conspirators in calculating the applicable guideline range.  In the case of jointly undertaken criminal activity, the relevant conduct guideline specifically instructs the Court to consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G. § 1B1.3(a)(1)(B).  In addition, the Commentary to Section 1B1.3 states as follows:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, App. Note 2.  Because defendant pled guilty to a conspiracy to distribute and possess with intent to distribute methamphetamine and based on the plea agreement and the findings in the PSIR, his plea of guilty to a greater quantity than that found at his temporary residence was well supported.[5]  Indeed, the PSIR noted that defendant is accountable for a "conservative estimate"

---

[4](...continued)
methamphetamine) in the vehicle of Morales-Ruiz and Jose Lopez-Logo, another admitted co-conspirator.  See id.  Azucena Alvarado-Martinez, an admitted co-conspirator, also indicated that earlier in the day on November 6, Mata-Soto weighed the methamphetamine found in the vehicle.  See id.  Morales-Ruiz and Lopez-Lugo confirmed that defendant and Arrendondo-Valenzuela brought approximately five ounces of methamphetamine to an apartment where they added three ounces of a cutting agent.  See id.

[5]        See United States v. Sells, 541 F.3d 1227, 1235 (10th Cir. 2008) (all drugs manufactured by co-defendant foreseeable to defendant who joined conspiracy with knowledge that manufacturing methamphetamine was essential part of integrated drug enterprise); United States v. Lauder, 409 F.3d 1254, 1267 (10th Cir. 2005) (in conspiracy, defendant accountable for all reasonably foreseeable quantities of contraband that were within scope of criminal activity that he jointly undertook); United States v. Albarran, 233 F.3d 972, 980 (7th Cir. 2000) (as co-conspirator, defendant accountable for transaction in which he did not personally participate if deal was reasonably foreseeable to him); United States v. Smith, 929 F.2d 1453, 1459 (10th Cir.) (quantity of drugs not specified in charge properly included in determining base offense if part of "same course of conduct") (quoting U.S.S.G. § 1B1.3, comment at 1.19), cert. denied, 502 U.S. 847 (1991); United States v. Harris, 903 F.2d 770 (10th Cir. 1990) (sentencing court properly considered 801
(continued...)

of 78.93 kilograms of methamphetamine.  See PSIR ¶¶ 43-44.

Finally, defendant claims that the Court erroneously attributed drugs to him even though officers found the drugs in a house which two other individuals rented.  Defendant cites no authority for the proposition that the Court cannot consider contraband which officers find in jointly-occupied property, particularly where the other occupants are admitted co-conspirators.

For these reasons, the Court therefore overrules defendant's second claim for relief.

C.     Adequacy Of Rule 11 Inquiry

Defendant argues that he did not knowingly enter into a guilty plea because the Court did not "determine that the conduct which Movant admitted constituted the offense charged in the indictment."  Doc. #343 at 3; see Doc. #325 at 26 (asserting that court did not "personally inquire" if he understood nature of the charges against him and consequences of plea); Doc. #343 at 2 (allowed to plead guilty to "offense that did not even comprise the facts, circumstances and elements of his case").  In particular, defendant asserts that the Court permitted him to plead guilty to conspiracy to distribute 50 grams of methamphetamine when in fact he was only accountable for 20.8 grams of methamphetamine.[6]  Doc. #343 at 3.  As explained above, the PSIR set forth a conservative estimate that defendant was responsible for 78.93 kilograms of methamphetamine.  In addition, defendant's admissions in Paragraph 2 of the plea agreement and at the plea colloquy

_____

[5](...continued)
pounds of marijuana involved in the crime but not charged); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.) (quantities of drugs not alleged in indictment may be used to enhance sentence), cert. denied, 496 U.S. 930 (1990); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum).

[6]     As explained above, defendant incorrectly states that he pled guilty to conspiracy to distribute 500 grams or more of methamphetamine.  See Doc. #325 at 22, 24; Doc. #343 at 2-3, 5.

adequately established that the conspiracy involved at least 50 grams of methamphetamine.  The Court therefore overrules defendant's third claim for relief.

Defendant also argues that the government assured him that if he made proffer statements which incriminated himself, he would receive a lot less time in prison.  See Doc. #325 at 22. Defendant does not maintain that the government promise was part of the plea agreement.[7]  Indeed, the plea agreement and the Rule 11 colloquy conclusively refute any assertion that such a promise was part of the plea deal or any prior deal between defendant and the government.[8]  In any event, as explained above, the Court did not consider defendant's proffer in determining the applicable guideline range.  For these reasons, the Court declines to vacate defendant's sentence based on the purported side agreement.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant

---

[7]      Typically, a defendant must assert a breach of the plea agreement on direct appeal rather than collateral review.  See United States v. Villarreal, 351 Fed. Appx. 332 (10th Cir. 2009); United States v. Walling, 982 F.2d 447, 448-49 (10th Cir. 1992).

[8]      Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established.  United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir.1978); see also United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (judges need not let litigants contradict themselves so readily; motion that can succeed only if defendant committed perjury at plea proceedings may be rejected out of hand unless defendant has compelling explanation for contradiction).

hearing); <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[9]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Saiz v. Ortiz</u>, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #325) filed December 20, 2010 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[9]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  <u>See</u> Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 18th day of July, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge