# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 08-20160-01-KHV |
| ) | |
| JUAN MATA SOTO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

On December 18, 2009, the Court sentenced defendant to life in prison. On July 18, 2011, the Court overruled defendant's motion under 28 U.S.C. § 2255. On June 8, 2012, the Tenth Circuit Court of Appeals dismissed defendant's appeal for lack of prosecution. This matter is before the Court on defendant's Petition For Writ Of Error Audita Querela To Invalidate Judgement [sic] For Breach Of Plea (Doc. #417) filed December 4, 2013. For reasons stated below, the Court overrules defendant's motion.

The writ of *audita querela* is used to challenge a judgment that was correct at the time it was entered but which it would be unjust to execute because of matters which arose after it was entered. United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946). The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue in the criminal context. See United States v. Ballard, 334 Fed. App'x 141, 143 (10th Cir. 2009). A writ of *audita querela* is not available to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255. See Torres, 282 F.3d at 1245. After defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or

ineffective. See United States v. McIntyre, 313 Fed. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 Fed. App'x 412, 413 (10th Cir. 2011); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); United States v. O'Bryant, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998); see Patel v. Morris, 37 Fed. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations); Grecco v. Williamson, 152 Fed. App'x 195, 196 (3d Cir. 2005) (Section 2255 not inadequate or ineffective merely because difficult to pursue successive motion); Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000) (substantive and procedural barriers by themselves do not establish that provision is inadequate or ineffective); see also Harris v. Wilner, 294 Fed. App'x 384, 385-86 (10th Cir. Sept. 22, 2008) (although second or successive motions restricted, they are not prohibited). Defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. McIntyre, 313 Fed. App'x at 162; Torres, 282 F.3d at 1246; see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (senseless to suppose Congress permitted prisoners to pass through closed door of Sections 2241 and 2255 by way of All Writs Act simply by changing title of motions); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner who is prevented from filing Section 2255 petition could, without more, establish that Section 2255 is "inadequate or ineffective"

and entitled to petition under Section 2241(c)(3), Congress would have accomplished nothing through statutes like AEDPA to place limits on federal collateral review).

Defendant specifically asks the Court not to construe his present motion as a second or successive petition under 28 U.S.C. § 2255. Accordingly, the Court declines to do so. Given the primacy of the remedy under Section 2255, relief is available through a writ of *audita querela* only in extremely limited circumstances. See, e.g., Ramirez v. Williamson, 209 Fed. App'x 214, 216 (3d Cir. 2006) ("safety valve" provided by Section 2255 extremely narrow and applies only in unusual situations like where prisoner had no prior opportunity to challenge conviction for crime later deemed to be non-criminal because of change in law); Melton v. United States, 359 F.3d 855, 856 (7th Cir. 2004) (ancient writ of *audita querela* has no apparent relevance to criminal sentences); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (Section 2255 motion only "inadequate or ineffective" where denial of habeas action would raise serious constitutional issues). As explained above, the mere fact that a prisoner is precluded by statute from filing a second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or unavailable. In addition, because Section 2255 already contains its own "gap filling" provision, which allows prisoners to file habeas corpus petitions under Section 2241 if Section 2255 is otherwise inadequate or ineffective, a writ of *audita querela* is not available as a gap filler in these circumstances. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 n.4 (9th Cir. 2001); see McIntyre, 313 Fed. App'x at 162 (Section 2255 exclusive means to test conviction in sentencing court); United States v. Ayala, 894 F.2d 425, 428-29 (D.C. Cir. 1990) (federal prisoner could not use *audita querela* to challenge sentence or conviction because writ adds nothing to forms of relief under Section 2255 and writs of

3

error *coram nobis*; authority to use *audita querela* as "gap filler" under All Writs Act open to serious doubt). The Court therefore overrules defendant's motion for a writ of *audita querela.*

In the alternative, defendant seeks a writ of *coram nobis*. Defendant has not shown that he is entitled to such relief. First, a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of *coram nobis*. See Torres, 282 F.3d at 1245; United States v. Carpenter, 24 Fed. App'x 899, 903 (10th Cir. 2001). Second, defendant cannot use the writ of *coram nobis* to raise issues that could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See United States v. Stefanoff, 149 F.3d 1192, 1998 WL 327888, at *2 (10th Cir. June 22, 1998); United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997). Third, in the plea petition, defendant waived his right to seek collateral relief which includes writs of *coram nobis*. See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). Finally, *coram nobis* relief is available only if defendant demonstrates that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him. United States v. Klein, 880 F.2d 250, 254 (10th Cir. 1999). Defendant has not satisfied his burden. The Court therefore overrules defendant's alternative request for a writ of *coram nobis*.

**IT IS THEREFORE ORDERED** that defendant's Petition For Writ Of Error Audita Querela To Invalidate Judgement [sic] For Breach Of Plea (Doc. #417) filed December 4, 2013 be and hereby is **OVERRULED.**

Dated this 12th day of December, 2013 at Kansas City, Kansas.

           s/ Kathryn H. Vratil
           KATHRYN H. VRATIL
           United States District Judge