IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20160-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| **JUAN MATA-SOTO,** | ) | **No. 18-2020-KHV** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On December 18, 2009, the Court sentenced defendant to life in prison. This matter is before the Court on defendant's <u>Motion For Relief From Judgment In Prior 28 U.S.C. § 2255 And Audita Querela Proceedings Pursuant To Fed. R. Civ. P. 60(b)(6) As His Waiver Of Appellate Rights Was In Violation Of Movant's Sixth Amendment Right To Effective Counsel</u> (Doc. #486) filed August 7, 2017, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

### Factual Background

On March 26, 2009, a grand jury charged defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846 (Count 1), possession with intent to distribute 50 grams or more of methamphetamine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 860(a) (Count 5), distribution of 50 grams or more of methamphetamine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 860(a) (Count 6), and maintaining a residence for storing using and distributing methamphetamine in violation of

21 U.S.C. §§ 841(a)(1) and 856(a)(2) (Count 8). See Second Superseding Indictment (Doc. #62). On April 13, 2009, defendant pled guilty to Count 1.

On December 18, 2009, the Court sentenced defendant to life in prison.[1] Defendant did not appeal. John M. Duma represented defendant through sentencing.

On December 20, 2010, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #325). Liberally construed, defendant's motion asserted that (1) the Court should have suppressed the statements of his co-defendants because officers violated the Fourth Amendment in obtaining the statements, (2) at sentencing, the Court erred in calculating defendant's guideline range by considering his proffer, the statements of his co-defendants and evidence which officers found at a home that two co-conspirators rented and (3) he did not knowingly enter a guilty plea because the Court did not conduct an adequate plea colloquy. Id. at 4, 15-27. On July 18, 2011, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #358). The Court found that defendant's claims were barred by the waiver of collateral challenges in the plea agreement and that they lacked substantive merit. See id. at 5-10. The Tenth Circuit dismissed defendant's appeal for failure to prosecute. See Order (Doc. #391) filed June 8, 2012.

On December 4, 2013, defendant filed a Petition For Writ Of Error Audita Querela To Invalidate Judgement [sic] For Breach Of Plea (Doc. #417). On December 12, 2013, the Court

---

[1] Defendant had a total offense level of 43 with a criminal history category I for a guideline range of life in prison. See Presentence Investigation Report (Doc. #232) filed December 11, 2009, ¶ 79. The calculated offense level was 45, but the Sentencing Guidelines do not account for offense levels above 43.

overruled defendant's motion. See Memorandum And Order (Doc. #418). The Tenth Circuit dismissed defendant's appeal based on his appellate waiver in the plea agreement. See Order (Doc. #427) filed June 4, 2014.

In the Tenth Circuit Court of Appeals, defendant sought leave to file a successive Section 2255 motion to assert a claim based on newly discovered evidence. Defendant maintained that (1) counsel failed to advise him that he could enter an open plea and receive a reduced sentence without cooperating and (2) counsel promised that he would receive a sentence of ten years. On May 9, 2017, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion. See Order (Doc. #484).

On August 7, 2017, defendant filed the instant motion for relief from judgment. Defendant argues that Duma (1) coerced him to plead guilty by a promise that he would receive a sentence of 135 months in prison, (2) misinformed him of his potential sentencing exposure and (3) allowed him to unknowingly waive his appellate rights. See Motion For Relief From Judgment (Doc. #486) at 3-12. Defendant also maintains that at the change of plea hearing, the Court erred by allowing defendant to enter a plea under the mistaken belief that he would receive a sentence within the range of 135 to 262 months in violation of Rule 11. See id. at 4, 7-8.

## Analysis

**I.   Basis For Relief Requested In Defendant's Motion**

Initially, the Court addresses how to construe defendant's motion. Although defendant has filed his motion under Rule 60(b)(6), Fed. R. Civ. P., the Court must determine if the motion is in fact an unauthorized second or successive petition under 28 U.S.C. § 2255. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (relief sought, not pleading's title, determines whether

pleading is Section 2255 motion); United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (to allow petitioner to avoid bar against successive habeas petitions by styling petition under different name would severely erode procedural restraints under Sections 2244(b)(3) and 2255). To determine whether a Rule 60(b) motion represents a second or successive petition, a "true" Rule 60(b) motion, or a "mixed" motion, the Court considers separately each issue raised in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224 (10th Cir. 2006). In the case of a mixed motion, the Court (1) addresses the merits of the true Rule 60(b) allegations as it would in any other Rule 60(b) motion and (2) if doing so is in the interest of justice, forwards the second or successive claims to the Tenth Circuit for authorization. Alford v. Cline, 696 F. App'x 871, 873 (10th Cir. 2017); Spitznas, 464 F.3d at 1217.

The Court deems an issue raised in a Rule 60(b) motion to be part of a second or successive Section 2255 motion unless it (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas, 464 F.3d at 1215-16. An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215.

### A. Claims Of Ineffective Assistance

As noted, defendant claims that Duma (1) coerced him to plead guilty by a promise that he would receive a sentence of 135 months in prison, (2) misinformed him of his potential sentencing exposure and (3) allowed him to unknowingly waive his appellate rights. The Court treats these

claims as part of a successive Section 2255 motion. Defendant's ineffective assistance claims do not challenge any procedural ruling on his first Section 2255 motion or allege any defect in the integrity of the prior Section 2255 proceeding. Instead, defendant's claims involve either a merits-based attack on the Court's ruling on his first Section 2255 motion or additional grounds in support of his claims of ineffective assistance. The Court therefore construes these claims as part of a successive motion to vacate under 28 U.S.C. § 2255. See Alford, 696 F. App'x at 873 (new claims that defendant could have but did not previously assert are second or successive); Spitznas, 464 F.3d at 1215-16 (second or successive claims in substance or effect assert or reassert federal basis for relief); United States v. James, 660 F. App'x 607, 610 (10th Cir. 2016) (motion to reconsider that adds claim of ineffective assistance of counsel was unauthorized second or successive motion); United States v. Moreno, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

### B. Claim Of Judicial Error

Defendant also maintains that by allowing defendant to enter a plea under the mistaken belief that he would receive a sentence of 135 months in prison or that the maximum sentence was 262 months, the Court violated Rule 11 at the change of plea hearing. Defendant asserts a defect in the "plea proceeding," not in the integrity of the prior Section 2255 proceeding.[2] Accordingly,

---

[2] Defendant claims that he challenges the integrity of the district court proceeding because the Court did not decide his prior habeas motions on the merits. Motion For Relief From Judgment In Prior 28 U.S.C. § 2255 And Audita Querela Proceedings (Doc. #486) at 10. As explained above, the Court overruled defendant's first Section 2255 motion because his claims were both procedurally barred and lacked substantive merit. See Memorandum And Order (Doc. #358) at 5-10. The Tenth Circuit dismissed defendant's appeal for failure to prosecute. See Order (Doc. #391). The Court subsequently overruled defendant's motion for relief under the All Writs Act because defendant did not show that he was entitled to such relief in light of the primacy of the remedy under Section 2255 and his custody status. See Memorandum And Order (Doc. #418) at

(continued...)

the Court treats this claim as part of a second or successive Section 2255 motion. See Spitznas, 464 F.3d at 1216.

## II.     Relief Under 28 U.S.C. § 2255

Defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or

---

²(...continued)
2-4. Defendant's present motion does not challenge any procedural ruling in the earlier proceedings on his motions under Section 2255 or the All Writs Act.

successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Here, defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. On May 9, 2017, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion to assert claims similar to the ones asserted in the instant motion.  See Order (Doc. #484).  For these reasons, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion For Relief From Judgment In Prior 28 U.S.C. § 2255 And Audita Querela Proceedings Pursuant To Fed. R. Civ. P. 60(b)(6) As His Waiver Of Appellate Rights Was In Violation Of Movant's Sixth Amendment Right To Effective Counsel (Doc. #486) filed August 7, 2017, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255 is **DISMISSED for lack of jurisdiction**.

Dated this 24th day of January, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
