# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20160-01-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **JUAN MATA-SOTO,** | ) | **No. 18-2190-KHV** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On December 18, 2009, the Court sentenced defendant to life in prison.  This matter is before the Court on defendant's Motion To Withdraw Guilty Plea Pursuant To Rule 11 (Doc. #494) filed March 26, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255.  For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

## Factual Background

On April 13, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.  On December 18, 2009, the Court sentenced defendant to life in prison.[1] Defendant did not appeal.

On December 20, 2010, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence

---

[1]      Defendant had a total offense level of 43 with a criminal history category I for a guideline range of life in prison.  See Presentence Investigation Report (Doc. #232) filed December 11, 2009, ¶ 79.  The calculated offense level was 45, but the Sentencing Guidelines do not account for offense levels above 43.

By A Person In Federal Custody (Doc. #325). Liberally construed, defendant's motion asserted that (1) the Court should have suppressed the statements of his co-defendants because officers violated the Fourth Amendment in obtaining the statements; (2) at sentencing, the Court erred in calculating his guideline range by considering his proffer, the statements of his co-defendants and evidence which officers found at a home that two co-conspirators rented; and (3) he did not knowingly enter a guilty plea because the Court did not conduct an adequate plea colloquy. Id. at 4, 15-27. On July 18, 2011, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #358). The Court found that the plea agreement's waiver of collateral challenges barred defendant's claims and that the claims lacked substantive merit. See id. at 5-10. The Tenth Circuit dismissed defendant's appeal for failure to prosecute. See Order (Doc. #391) filed June 8, 2012.

On December 4, 2013, defendant filed a Petition For Writ Of Error Audita Querela To Invalidate Judgement [sic] For Breach Of Plea (Doc. #417). On December 12, 2013, the Court overruled defendant's motion. See Memorandum And Order (Doc. #418). The Tenth Circuit dismissed defendant's appeal based on the plea agreement's waiver of appellate rights. See Order (Doc. #427) filed June 4, 2014.

In the Tenth Circuit Court of Appeals, defendant sought leave to file a successive Section 2255 motion to assert a claim based on newly discovered evidence. Defendant maintained that (1) counsel failed to advise him that he could enter an open plea and receive a reduced sentence without cooperating and (2) counsel promised that he would receive a sentence of ten years. On May 9, 2017, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion. See Order (Doc. #484).

-2-

On August 7, 2017, defendant filed a motion for relief from judgment, which the Court construed as a second or successive Section 2255 motion.  Defendant argued that counsel (1) coerced him to plead guilty by a promise that he would receive a sentence of 135 months in prison, (2) misinformed him of his potential sentencing exposure and (3) allowed him to unknowingly waive his appellate rights.  See Motion For Relief From Judgment (Doc. #486) at 3-12. Defendant also maintains that at the change of plea hearing, in violation of Rule 11, the Court allowed defendant to enter a plea under the mistaken belief that he would receive a sentence within the range of 135 to 262 months.  See id. at 4, 7-8.  On January 24, 2018, the Court dismissed defendant's motion.  See Memorandum And Order (Doc. #487).  Defendant appealed and his appeal remains pending.

On March 26, 2018, defendant filed the instant motion to withdraw his plea.  Motion To Withdraw Guilty Plea Pursuant To Rule 11 (Doc. #494).  Defendant maintains that his plea was invalid under Rule 11, Fed. R. Crim. P., because at the change of plea hearing, the prosecution and the Court erroneously told him that he would receive a sentence within the range of 135 to 262 months.  Id. at 2-8.

**Analysis**

**I.    Basis For Relief Requested In Defendant's Motion**

Initially, the Court addresses how to construe defendant's motion.  Although defendant has filed his motion under Rule 11, Fed. R. Crim. P., the Court must determine if the motion is in fact an unauthorized second or successive petition under 28 U.S.C. § 2255.  See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is Section 2255 motion); United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir.

-3-

2002) (to allow petitioner to avoid bar against successive habeas petitions by styling petition under different name would severely erode procedural restraints under Sections 2244(b)(3) and 2255).

At this stage, the Court lacks jurisdiction to grant relief under Rule 11.  See Fed. R. Crim. P. 11(e) (after court imposes sentence, defendant may not withdraw plea of guilty or nolo contendere, and plea may be set aside only on direct appeal or collateral attack).  Because defendant raised the issue of the adequacy of the plea proceeding in his original Section 2255 motion, the Court evaluates defendant's motion under Rule 60(b) of the Federal Rules of Civil Procedure.  The Court deems an issue raised in a Rule 60(b) motion to be part of a second or successive Section 2255 motion unless it (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.  Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006).  An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  Id. at 1215.

Defendant argues that his plea was invalid under Rule 11 because the prosecution and the Court erroneously told him that he would receive a sentence within the range of 135 to 262 months. Defendant asserts a defect in the "plea proceeding," not in the integrity of the prior Section 2255 proceeding.  Accordingly, the Court treats his motion as a second or successive Section 2255 motion.  See United States v. Williams, 790 F.3d 1059, 1068 (10th Cir. 2015) (motion to withdraw guilty plea fell squarely within definition of second or successive petition); see also Spitznas, 464 F.3d at 1216 (court treats motion asserting defect outside context of habeas proceeding as second

-4-

or successive petition).

## II.      Relief Under 28 U.S.C. § 2255

Defendant previously filed a Section 2255 motion.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's claim does not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable

factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Here, defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.[2]  For these reasons, the Court declines to transfer the present motion to the Court of Appeals.  See United States v. Podlucky, 697 F. App'x 744, 746 (3d Cir. 2017) (motion to withdraw plea agreement, which does not involve newly discovered evidence of innocence or new retroactive rule of constitutional law, would not provide basis to grant leave to file second or successive Section 2255 motion).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[3]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not

---

[2]      On May 9, 2017, the Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion to assert a claim similar to those asserted in the instant motion.  See Order (Doc. #484) at 2 (denying authorization to file motion based on counsel's failure to advise him that he could enter open plea for reduced sentence and counsel's promise that he would receive ten-year sentence if he entered plea agreement).

[3]      The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Withdraw Guilty Plea Pursuant To Rule 11</u> (Doc. #494) filed March 26, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 19th day of April, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge