## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | |
|     **Plaintiff,**     ) | |
|     ) | **CRIMINAL ACTION** |
| **v.**     ) | |
|     ) | **No. 08-20160-01-KHV** |
| **JUAN MATA-SOTO,**     ) | |
|     ) | |
|     **Defendant.**     ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 18, 2009, the Court sentenced defendant to life in prison.   On July 16, 2020, defendant filed a Motion To Reduce Sentence Pursuant To The First Step Act Of 2018, Section 603 (Doc. #503), which seeks compassionate release under 18 U.S.C. § 3582.   On August 3, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.   For reasons stated below, the Court dismisses defendant's motion.

## Factual Background

On April 13, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.   See Plea Agreement ¶ 1, attached to Petition To Enter Plea Of guilty And Order Entering Plea (Doc. #99).   Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison.   See 21 U.S.C. § 841(b)(1)(A)(viii).   The Court attributed 78.93 kilograms of methamphetamine to defendant for a base offense level of 38 under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1).   See Presentence Investigation Report ("PSR") (Doc. #232) filed December 11,

2009, ¶ 51.   The Court applied a two-level enhancement because defendant possessed a firearm, a two-level enhancement because the offense involved importation of methamphetamine from Mexico, a three-level enhancement because of his role in the offense and a two-level enhancement for obstruction of justice because he had threatened to harm family members of a codefendant. Id., ¶¶ 52–53, 55–56.   Even though the Court applied an enhancement for obstruction, it granted defendant a two-level reduction for acceptance of responsibility.   Id., ¶ 58.   The total calculated offense level was 45, but the Sentencing Guidelines do not include ranges for offense levels above 43.   Based on a total offense level of 43 and a criminal history category I, defendant's Guidelines range was life in prison.   Id., ¶ 79.   On December 18, 2009, the Court sentenced defendant to life in prison.   Defendant did not appeal.

Defendant filed numerous post-conviction motions challenging his conviction and sentence, but the Court denied relief.   See Memorandum And Order (Doc. #499) filed April 19, 2018 (dismissed successive motion under 28 U.S.C. § 2255); Memorandum And Order (Doc. #487) filed January 24, 2018 (dismissed successive § 2255 motion); Memorandum And Order (Doc. #418) filed December 12, 2013 (overruling petition for writ of error audita querela); Memorandum And Order (Doc. #358) filed July 18, 2011 (denying initial § 2255 motion).   The Tenth Circuit likewise has dismissed defendant's appeals and denied him leave to file a successive Section 2255 motion.   See Order (Doc. #500) filed August 7, 2018 (denied certificate of appealability of order dismissing successive § 2255 motion); Order (Doc. #484) filed May 9, 2017 (denied leave to file successive § 2255 motion); Order (Doc. #427) filed June 4, 2014 (dismissed because of plea waiver); Order (Doc. #391) filed June 8, 2012 (dismissed for failure to prosecute).

Defendant currently is confined at USP Lompoc, a BOP facility in Lompoc, California.

USP Lompoc houses 875 inmates.   See BOP, USP Lompoc, https://www.bop.gov/locations/ institutions/lom (last visited Oct. 6, 2020).   As of October 7, 2020, 157 inmates and 28 staff members at USP Lompoc had tested positive for COVID-19. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Oct. 8, 2020).   Two of the inmates who contracted COVID-19 died.   See id.   The other 155 inmates and 24 of the 28 staff members who tested positive have recovered.   See id.

Defendant is 32 years old.   Defendant asks the Court to grant compassionate release because (1) his life sentence is higher than the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C), (2) he has successfully participated in BOP rehabilitation programs and (3) at USP Lompoc, he is at risk of contracting COVID-19.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c).

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).

Here, on June 15, 2020, defendant submitted to the warden a request for compassionate release.   The government has not shown that the warden responded within 30 days of the request. Accordingly, defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied."   United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy

Statement), cmt. n.1.[1]   In addition, the policy statement requires that before granting relief, the

---

[1]   Application Note 1 provides as follows:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A)   Medical Condition of the Defendant.—
   (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.   Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii)   The defendant is—
      (I)   suffering from a serious physical or medical condition,
      (II)   suffering from a serious functional or cognitive impairment, or
      (III)   experiencing deteriorating physical or mental health because of the aging process,
   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C)   Family Circumstances.
   (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
   (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1.

Court must find that defendant "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).  In December of 2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release.  The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release.  See Saldana, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)).  Unless the grounds for resentencing fall within one of the specific categories that Congress has authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request.  See id.; United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

Here, defendant seeks compassionate release based on his life sentence, rehabilitation efforts and the risk that he will contract COVID-19 at USP Lompoc.  None of these factors are specifically identified in the Section 1B1.13 commentary under Subsections (A) through (C).[2] Accordingly, for defendant to establish extraordinary and compelling reasons for release, he must rely on the catchall provision of subsection (D).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by

---

[2]    Subsection (A) does not apply because defendant has not alleged any chronic medical condition.  Subsection (B) does not apply because defendant is 32 years old.  See U.S.S.G. § 1B1.13, cmt. n.1(B) (defendant must be at least 65 years old to qualify for relief based on age).  Subsection (C) does not apply because defendant seeks relief based on his own circumstances, not family circumstances.  See U.S.S.G. § 1B1.13, cmt. n.1(C) (relief based on death or incapacitation of caregiver of minor child or incapacitation of spouse where defendant would be only available caregiver).

themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(D).   To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).   Where the BOP Program statement is a "permissible construction of the statute," it is entitled to "some deference."   Id. (quoting Reno v. Koray, 515 U.S. 50, 61 (1995)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP."   U.S.S.G. § 1B1.13, cmt. n.1(D).   In an unpublished decision, the Tenth Circuit implicitly recognized that in addition to the BOP, courts now can make such a determination.   See Saldana, 807 F. App'x at 819–20.[3]   The Court likewise concludes that on a defense motion, it may—independently of the BOP—determine

---

[3]        In Saldana, defendant argued that in determining whether he had established other compelling reasons under the catchall provision of subsection (D), the district court should have considered (1) his post-conviction rehabilitation efforts and (2) post-sentencing case law that would have lowered his sentencing range.   See id.   In affirming the district court's decision to deny defendant's request for a reduced sentence under the catchall provision of subsection (D), the Tenth Circuit implicitly assumed that the district court, rather than the BOP exclusively (as the commentary suggests), can determine whether a defendant has established "other" extraordinary and compelling reasons under the catchall provision.   See id.

whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary. U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. Israel, No. 95-00314-CR, 2020 WL 4362258, at *4 (S.D. Fla. July 29, 2020) (overwhelming majority of courts conclude that after First Step Act, courts may independently determine whether "other" extraordinary and compelling reasons warrant release); see also 28 U.S.C. § 994(t) (Sentencing Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples"); cf. United States v. Brooker, No. 19-3218-CR, --- F.3d ----, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020) (because Section 1B1.13 not "applicable" to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district court discretion to consider whether any reasons extraordinary and compelling).

In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting compelling, Webster's Third International Dictionary, Unabridged (2020)).  As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence.  See Saldana, 807 F. App'x at 819.

Here, defendant first seeks release because his life sentence was higher than the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C).   After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under

Section 2255 unless that remedy is inadequate or ineffective.   See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).   Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective.   Bradshaw, 86 F.3d at 166.   Nothing in the First Step Act suggests that Congress authorized courts to grant relief under the compassionate release provision of Section 3582(c)(1)(A) based on a legal challenge to defendant's conviction or sentence.   See United States v. Bell, No. 20-10427, 2020 WL 5823316, at *1 (5th Cir. Sept. 30, 2020) (claims that consecutive sentence unduly long and guilty plea not knowing and voluntary inconsistent with policy statement defining extraordinary and compelling reasons for release); United States v. Warren, No. 13-20081-JAR, 2020 WL 5253719, at *4 (D. Kan. Sept. 3, 2020) (§ 2255 motion, not compassionate release motion under § 3582 motion, appropriate avenue to address prosecutorial misconduct claim based on recording of defendant's conversations with counsel).   In any event, defendant has not shown that the Court applied the incorrect statutory range.   Because defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846, a statutory range of 10 years to life applied.   21 U.S.C. § 841(b)(1)(A)(viii); see Plea Agreement ¶ 1, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #99).

Next, defendant argues that he has successfully participated in BOP rehabilitation programs.   Defendant's rehabilitation efforts appear to support a request for release, but he must show extraordinary and compelling reasons beyond rehabilitation to establish that compassionate release is warranted.   See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for release under § 3582(c)(1)(A)).

Finally, defendant argues that because of the poor conditions at USP Lompoc, he is at risk of contracting COVID-19.   At age 32, defendant is relatively young and has not shown that any medical conditions place him at high risk of contracting COVID-19 or suffering severe illness if he contracts it.   USP Lompoc had a COVID-19 outbreak earlier this year, but no inmates presently have tested positive and failed to recover.   Defendant has not shown that compared to placement in ICE custody and eventually in Mexico, he faces a heightened or imminent risk of exposure to COVID-19 at USP Lompoc.   See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).

Defendant has not shown that the above factors, either individually or collectively, establish extraordinary and compelling reasons for release.   Likewise, defendant has not established that any of the nonexclusive factors in BOP Program Statement 5050.50 compel his release.   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.   Even so, the risk that COVID-19 may re-emerge at USP Lompoc cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   Raia, 954 F.3d at 597.

Even if defendant's life sentence, his rehabilitation efforts, the conditions at USP Lompoc and the COVID-19 pandemic were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence of time served, or approximately 12 years, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.   In particular,

defendant committed a significant drug trafficking offense.   As part of the offense conduct, defendant was responsible for 78.93 kilograms of methamphetamine.   See PSR (Doc. #232), ¶ 51. He also possessed a firearm and was a manager or supervisor in the criminal activity that involved at least five participants.   Id., ¶¶ 53, 55.   After his arrest, defendant threatened to harm the family members of a codefendant.   Id., ¶¶ 47, 56.   Defendant's calculated offense level was 45, which is greater than the maximum of 43 under the Sentencing Guidelines.   Id., ¶ 79.

The Court recognizes that defendant has participated in a number of BOP programs.   He apparently has made progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant's life sentence, his rehabilitation efforts, the conditions at USP Lompoc and the ongoing COVID-19 pandemic are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A).   Therefore, the Court dismisses defendant's motion for release for lack of jurisdiction.   See Saldana, 807 F. App'x at 818, 820–21 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Pursuant To The First Step Act Of 2018, Section 603 (Doc. #503) filed July 16, 2020 is **DISMISSED**.

Dated this 8th day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-11-