IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
| **Plaintiff,**         ) | |
| )         | CRIMINAL ACTION |
| v.         ) | |
| )         | No. 08-20160-01-KHV |
| JUAN MATA-SOTO,         ) | |
| ) | |
| **Defendant.**         ) | |
| ) | |

**MEMORANDUM AND ORDER**

On December 18, 2009, the Court sentenced defendant to life in prison.  This matter is before the Court on defendant's Motion To Compel Production Of Documents (Fed. R. Civ. P. 37(a)) (Doc. #529) filed November 12, 2021.  For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to compel his former attorney to produce copies of his presentence investigation report, a picture that the government used as a sentencing exhibit and co-defendant statements.  Defendant previously received a copy of his presentence investigation report.[1]  As to the sentencing exhibit and other documents, defendant seeks relief under the Federal Rules of Civil Procedure, which do not apply in this criminal prosecution.  In any event, defendant has not shown that he is entitled to the documents.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (no general constitutional right to discovery in criminal case).  He does not assert a particularized need for the documents, such as to support a motion to vacate his conviction.

The Court recognizes that defendant financially qualifies for in forma pauperis status and

---

[1] On March 30, 2010, the Court directed the Clerk to forward a copy of defendant's presentence investigation report to his case manager.  See Order (Doc. #295).

may be entitled to copies of documents if he files a motion for relief and the Court finds that certain documents or transcripts are relevant to his claims. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require). At this stage, however, defendant has not filed a motion for relief or shown that any particular documents are necessary to support potential claims for such a motion.[2] The Court therefore overrules defendant's request to compel

---

[2] The Court denied relief on each of defendant's numerous post-conviction motions challenging his conviction and sentence. See Memorandum And Order (Doc. #508) filed October 8, 2020 (dismissing motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); Memorandum And Order (Doc. #499) filed April 19, 2018 (dismissing successive motion under 28 U.S.C. § 2255); Memorandum And Order (Doc. #487) filed January 24, 2018 (dismissing successive § 2255 motion); Memorandum And Order (Doc. #418) filed December 12, 2013 (overruling petition for writ of error audita querela); Memorandum And Order (Doc. #358) filed July 18, 2011 (denying initial § 2255 motion). The Tenth Circuit likewise has dismissed defendant's appeals and denied him leave to file a successive Section 2255 motion. See Order And Judgment (Doc. #528) filed September 2, 2021 (affirming dismissal of compassionate release motion); Order (Doc. #500) filed August 7, 2018 (denying certificate of appealability of order dismissing successive § 2255 motion); Order (Doc. #484) filed May 9, 2017 (denying leave to file successive § 2255 motion); Order (Doc. #427) filed June 4, 2014 (dismissing based on plea waiver); Order (Doc. #391) filed June 8, 2012 (dismissing for failure to prosecute).

Accordingly, any potential evidence that defendant could discover from the various documents would appear to be insufficient to satisfy the high standard to authorize the filing of a second or successive motion under 28 U.S.C. § 2255 based on newly discovered evidence. See 28 U.S.C. § 2255(h)(1) (second or successive motion must be certified by panel of appropriate court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"); Brace v. United States, 634 F.3d 1167, 1170 (10th Cir. 2011) (second or successive Section 2255 motions restricted to claims involving either newly discovered evidence "strongly suggestive of innocence" or new rules of constitutional law made retroactive by Supreme Court).

counsel to provide copies of documents.[3]

**IT IS THEREFORE ORDERED** that defendant's Motion To Compel Production Of Documents (Fed. R. Civ. P. 37(a)) (Doc. #529) filed November 12, 2021 is **OVERRULED**.

Dated this 19th day of November, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] Kansas Rules of Professional Conduct require that upon termination of the attorney-client relationship, an attorney return "papers and property to which the client is entitled." Kan. R. Prof. Conduct. 1.16(d). Defendant does not contend that counsel failed to fulfill this obligation when his representation ended in 2010.