IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-20160-01-KHV |
| JUAN MATA-SOTO, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On December 18, 2009, the Court sentenced defendant to life in prison. This matter is before the Court on defendant's pro se Motion For Modification Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #531) filed December 20, 2021. For reasons stated below, the Court dismisses defendant's motion.

**Factual Background**

On April 13, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. See Plea Agreement ¶ 1, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #99). Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison. See 21 U.S.C. § 841(b)(1)(A)(viii). The Court attributed 78.93 kilograms of methamphetamine to defendant for a base offense level of 38 under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1). See Presentence Investigation Report ("PSR") (Doc. #232) filed December 11, 2009, ¶ 51. The Court applied a two-level enhancement because defendant possessed a firearm, a two-level enhancement because the offense involved importation of methamphetamine from

Mexico, a three-level enhancement because of his role in the offense, a two-level enhancement for reckless endangerment while fleeing from law enforcement and a two-level enhancement for obstruction of justice because he had threatened to harm family members of a co-defendant.  Id., ¶¶ 52–53, 55–56, 105–11; see Statement Of Reasons (Doc. #248) filed December 21, 2009 at 1. Even though the Court applied an enhancement for obstruction, it granted defendant a two-level reduction for acceptance of responsibility.  PSR (Doc. #232), ¶ 58.  The total calculated offense level was 47, but the Sentencing Guidelines do not include ranges for offense levels above 43. Based on a total offense level of 43 and a criminal history category I, defendant's guideline range was life in prison.  Id., ¶ 79; see Statement Of Reasons (Doc. #248) at 1.  On December 18, 2009, the Court sentenced defendant to life in prison.   Defendant did not appeal.

Defendant filed numerous post-conviction motions challenging his conviction and sentence, but the Court denied relief.  See Memorandum And Order (Doc. #508) filed October 8, 2020 (dismissed motion for compassionate release); Memorandum And Order (Doc. #499) filed April 19, 2018 (dismissed successive motion under 28 U.S.C. § 2255); Memorandum And Order (Doc. #487) filed January 24, 2018 (dismissed successive § 2255 motion); Memorandum And Order (Doc. #418) filed December 12, 2013 (overruling petition for writ of error audita querela); Memorandum And Order (Doc. #358) filed July 18, 2011 (denying initial § 2255 motion).  The Tenth Circuit likewise has dismissed defendant's appeals and denied him leave to file a successive Section 2255 motion.  See Order And Judgment (Doc. #528) filed September 2, 2021 (affirmed order dismissing motion for compassionate release); Order (Doc. #500) filed August 7, 2018 (denied certificate of appealability of order dismissing successive § 2255 motion); Order (Doc. #484) filed May 9, 2017 (denied leave to file successive § 2255 motion); Order (Doc. #427) filed

June 4, 2014 (dismissed because of plea waiver); <u>Order</u> (Doc. #391) filed June 8, 2012 (dismissed for failure to prosecute).

Defendant now seeks relief under Section 3582(c)(2) because he claims that the Sentencing Commission has retroactively lowered his guideline range.

## **Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. <u>See</u> 18 U.S.C. § 3582(b)–(c); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). <u>United States v. C.D.</u>, 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. <u>Id.</u> at 1289.

Defendant seeks relief under Guidelines Amendment 782 which lowered the base offense levels in the Drug Quantity Table at U.S.S.G. § 2D1.1. Defendant has not shown that Amendment 782 lowered his guideline range. In particular, defendant's base offense level remains at 38 under the amended guidelines because the Court attributed 78.93 kilograms of

methamphetamine to him.  See PSR (Doc. #232), ¶ 51; U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2021 ed.) (base offense level of 38 for at least 45 kilograms of methamphetamine).  Because defendant has not shown that Amendment 782 lowered his guideline range, the Court dismisses his motion to reduce sentence for lack of jurisdiction.  See C.D., 848 F.3d at 1289.

Defendant argues that at sentencing, the Court never addressed his correct base offense level because it found that the objection would not affect his guideline range of life.  In fact, the Court did not address defendant's objection to drug quantity because he withdrew it.[1]  Defendant's present request that the Court recalculate his drug quantity goes beyond the scope of Section 3582(c)(2) proceedings, which "do not constitute a full resentencing."  U.S.S.G. § 1B1.10(a)(3); see Dillon, 560 U.S. at 825–26 (statute's text, together with its narrow scope, shows Congress intended to authorize only limited adjustment to otherwise final sentence and not plenary resentencing proceeding; court does not impose new sentence in usual sense, but merely reduces otherwise final sentence in certain limited circumstances).  In determining whether and to what extent a reduction is warranted under Section 3582(c)(2), the Court determines the amended guideline range that would have applied if the retroactive amendment had been in effect

---

[1]     The probation office proposed that the Court attribute 78.93 kilograms of methamphetamine to defendant for a base offense level of 38 under Section 2D1.1(c)(1) of the Guidelines.  See PSR (Doc. #232), ¶ 51.  Defendant initially objected that the Court should not attribute to him any of the methamphetamine associated with Jose Morales-Ruiz.  Defendant maintained that if the Court omitted the methamphetamine associated with Morales-Ruiz, he would be responsible for only 381.52 grams of methamphetamine with a corresponding base offense level of 30.  Before sentencing, defendant withdrew his objection.  See Sentencing Memorandum (Doc. #233) filed December 14, 2019 at 1 (defendant conceded that based on evidence available to government, base offense level of 38 is justified).  At sentencing, defense counsel again confirmed that defendant withdrew his objection to drug quantity.  See Transcript Of Sentencing (Doc. #424) filed March 13, 2014 at 24.

when defendant was originally sentenced. U.S.S.G. § 1B1.10(b)(1). In doing so, the Court substitutes only the retroactive amendments listed in Section 1B1.10(d) for the corresponding Guidelines provisions that were applied when defendant was sentenced and "shall leave all other guideline application decisions unaffected." Id.; see Freeman v. United States, 564 U.S. 522, 531 (2011) (plurality opinion) (all Guidelines decisions from original sentencing remain in place, except sentencing range that retroactive amendment altered). Accordingly, the Court cannot alter its original findings of drug quantity because Amendment 782 did not impact that aspect of defendant's sentence. United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013); see Dillon, 560 U.S. at 831 (Section 3582(c)(2) proceedings do not permit challenges to aspects of sentence not affected by Commission amendment to § 2D1.1).[2]

Defendant implies that at sentencing, his counsel should have insisted that the Court address the issue of drug quantity. Section 3582(c)(2) is not a remedy for counsel's alleged failure to raise an objection at sentencing. To the extent that defendant has a valid claim for ineffective assistance of counsel, he would have to raise such a challenge in a successive motion to vacate sentence under 28 U.S.C. § 2255 or perhaps a motion for compassionate release under

---

[2] See United States v. Larsen, 664 F. App'x 751, 753 (10th Cir. 2016) (because defendant did not object to calculation of drug quantity at sentencing and Amendment 782 does not impact how quantities of drugs are calculated, district court had no ability to revisit calculations); United States v. Burkins, 596 F. App'x 685, 690 (10th Cir. 2014) (challenge to drug quantity finding should be raised on direct appeal, not in § 3582(c)(2) proceeding); United States v. Washington, 759 F.3d 1175, 1184–85 (10th Cir. 2014) (attack on quantity calculation would be "brand new direct appeal, something utterly at odds with the limited and streamlined eligibility determination envisioned in § 3582(c)(2), U.S.S.G. § 1B1.10, and Dillon"); United States v. Kennedy, 722 F.3d 439, 442–43 (D.C. Cir. 2013) (district court adoption of PSR was implicit drug-quantity finding, which could not be collaterally attacked in § 3582(c)(2) proceeding); see also Dillon, 560 U.S. at 826 (rejecting challenge to sentencing court's erroneous application of Guidelines as mandatory because it was beyond scope of § 3582 proceeding).

18 U.S.C. § 3582(c)(1)(A).  Based on the present record—specifically the outline of drug quantity in the PSR and the government's response to defendant's objection to drug quantity—any such claim appears to lack merit.  See PSR (Doc. #232), ¶¶ 42–51, 113–20.  For this reason and because defendant did not explicitly raise a claim that counsel provided ineffective assistance, the Court declines to consider defendant's present motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c)(1).

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Modification Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #531) filed December 20, 2021 is **DISMISSED for lack of jurisdiction**.

Dated this 10th day of January, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge