## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      **)** | |
| **)** | |
| Plaintiff,   **)** | |
| **)** | **CRIMINAL ACTION** |
| v.   **)** | |
| **)** | **No. 08-20160-01-KHV** |
| JUAN MATA-SOTO,   **)** | |
| **)** | |
| Defendant.   **)** | |
| _____**)** | |

## MEMORANDUM AND ORDER

On December 18, 2009, the Court sentenced defendant to life in prison.  This matter is before the Court on defendant's pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. #545) filed December 27, 2022.   The Office of the Federal Public Defender ("FPD") entered an appearance to represent defendant and on March 9, 2023, it filed a Supplement To Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #548).   For reasons stated below, the Court sustains defendant's motion in part and reduces defendant's sentence to 240 months and ten years of supervised release.

## Factual Background

On April 13, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.   See Plea Agreement ¶ 1, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #99).   Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison.   See 21 U.S.C. § 841(b)(1)(A)(viii).   The Court attributed 78.93 kilograms of methamphetamine to defendant for a base offense level of 38 under Section 2D1.1(c)(1) of the United States Sentencing Guidelines

("U.S.S.G."). See Presentence Investigation Report ("PSR") (Doc. #232) filed December 11, 2009, ¶ 51.   The Court applied a two-level enhancement because defendant possessed a firearm, a two-level enhancement because the offense involved importation of methamphetamine from Mexico, a three-level enhancement because of his role in the offense and a two-level enhancement for obstruction of justice because he had threatened to harm family members of a codefendant. Id., ¶¶ 52–53, 55–56.   Even though the Court applied an enhancement for obstruction, it granted defendant a two-level reduction for acceptance of responsibility.   Id., ¶ 58.   The total calculated offense level was 45, but the Sentencing Guidelines do not include ranges for offense levels above 43.   Based on a total offense level of 43 and a criminal history category I, defendant's Guidelines range was life in prison.   Id., ¶ 79.   On December 18, 2009, the Court sentenced defendant to life in prison.   Defendant did not appeal.

Defendant filed numerous post-conviction motions challenging his conviction and sentence, but the Court denied relief.   See Memorandum And Order (Doc. #499) filed April 19, 2018 (dismissed successive motion under 28 U.S.C. § 2255); Memorandum And Order (Doc. #487) filed January 24, 2018 (dismissed successive § 2255 motion); Memorandum And Order (Doc. #418) filed December 12, 2013 (overruling petition for writ of error audita querela); Memorandum And Order (Doc. #358) filed July 18, 2011 (denying initial § 2255 motion).   The Tenth Circuit likewise has dismissed defendant's appeals and denied him leave to file a successive Section 2255 motion.   See Order (Doc. #500) filed August 7, 2018 (denied certificate of appealability of order dismissing successive § 2255 motion); Order (Doc. #484) filed May 9, 2017 (denied leave to file successive § 2255 motion); Order (Doc. #427) filed June 4, 2014 (dismissed because of plea waiver); Order (Doc. #391) filed June 8, 2012 (dismissed for failure to prosecute).

Defendant asks the Court to reduce his sentence under the compassionate release statute

because of (1) his young age at the time of the offence, (2) the law's changed views of the relationship between relative youth and culpability, (3) his lack of criminal history, (4) his ineligibility for time credits due to his alien status and (5) his rehabilitation.

Defendant is a citizen of Mexico and is subject to a detainer from the Bureau of Immigration and Customs Enforcement.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).[1]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a

---

[1]       The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   The government does not address whether defendant satisfied the exhaustion prerequisite.   The Court therefore assumes that defendant has done so.

reduced sentence.   18 U.S.C. § 3582(c)(1)(A); <u>United States v. Maumau</u>, 993 F.3d 821, 831 (10th Cir. 2021); <u>United States v. McGee</u>, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   <u>Maumau</u>, 993 F.3d at 837; <u>McGee</u>, 992 F.3d at 1050.   Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.[2] <u>See</u> <u>United States v. Warren</u>, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).   Accordingly, the Court evaluates only the first and third requirements.

## I.   Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.   <u>See</u> <u>McGee</u>, 992 F.3d at 1044, 1048.   In this context, "extraordinary" means "exceptional to a very marked extent."   <u>United States v. Ford</u>, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted). "Compelling" means "tending to convince . . . by forcefulness of evidence."   <u>Id.</u>   While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions is not controlling, the Court considers that definition in ruling on defense motions.   <u>See</u> <u>United States v. Carr</u>, 851 F. App'x 848, 853 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); <u>see also</u> <u>United States v. Hald</u>, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict

---

[2]       On April 27, 2023, the United States Sentencing Commission submitted to Congress a proposed amendment to U.S.S.G. § 1B1.13, which is the policy statement that applies to motions for compassionate release.   <u>See</u> Federal Register Notice of Amendment Submission, Issue for Comment, available at <u>https://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-submission-2023-amendments-congress</u> (last visited May 1, 2023). Absent congressional action to the contrary, the proposed amendment will go into effect on November 1, 2023.

district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), cert. denied, 142 S. Ct. 2742 (2022). For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

The parties agree that defendant has shown extraordinary and compelling reasons for a reduced sentence. Likewise, the Court finds extraordinary and compelling reasons for a reduced sentence based on a combination of (1) defendant's young age at the time of the offence, (2) the law's changed views of the relationship between relative youth and culpability, (3) his lack of criminal history, (4) his ineligibility for time credits due to his alien status, (5) his rehabilitation, (6) defendant's belief he would receive a sentence of about ten years in prison by pleading guilty, and (7) the fact that he would likely receive a lower sentence if sentenced today. See Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. #545) at 5–14; Supplement To Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #548) at 2–14; Government's Response To Defendant's Motion For Compassionate Release (Doc. #550) filed April 5, 2023 at 9.

## II.   Section 3553(a) Factors

Next, the Court must determine whether a sentence reduction is warranted, and the extent of any reduction, under the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The Court considers the nature and circumstances of the offense, defendant's

personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct.   See 18 U.S.C. § 3553(a).   In defendant's pro se motion, he asks for a sentence of 180 months.   The FPD has filed a supplement which seeks a sentence of 240 months.   The government argues that the Court should reduce defendant's sentence from life to 360 months.

Defendant's proposed sentence of 180 months is inconsistent with the seriousness of his offense, the need for deterrence and the need to protect the public.   In particular, defendant committed a significant drug trafficking offense.   As part of the offense conduct, defendant was responsible for 78.93 kilograms of methamphetamine.   See PSR (Doc. #232), ¶ 51.   He also received sentencing enhancements for possession of a firearm and being a manager or supervisor in criminal activity that involved at least five participants.   Id., ¶¶ 53, 55.   After his arrest, defendant threatened to harm the family members of a codefendant, which resulted in a two-level enhancement for obstruction of justice.   Id., ¶¶ 47, 56.   Defendant's calculated offense level was 45, which is greater than the maximum of 43 under the Sentencing Guidelines.   Id., ¶ 79.

Even so, the Court finds that 240 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner.   See 18 U.S.C. § 3553(a)(2)(A)–(D). At the time of his conviction in 2009, defendant had a first-grade education, was functionally illiterate in both Spanish and English and had no real work history.   See PSR (Doc. #232), ¶¶ 75–76.   In prison, he has obtained his GED, has been learning English as a second language, has consistently participated in programming on a range of topics and completed many courses in various subjects.   Defendant has acquired a particular interest in and talent for art and graphic

design.   During his incarceration, his work history and disciplinary record also show that he has made significant progress toward rehabilitation.[3]   Although defendant received an enhancement for possession of a firearm, he does not appear to pose a danger to society upon release.   On balance, the factors under Section 3553(a) support a reduced sentence of 240 months.

In addition, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court imposes a term of supervised release of ten years.   See 18 U.S.C. § 3582(c)(1)(A) (court may impose a term of supervised release that does not exceed the unserved portion of the original term of imprisonment).   The Court imposes the mandatory and standard conditions of supervised release as adopted by the District of Kansas and special conditions of supervision as set forth in Part D of the Presentence Report (Doc. #232). Because defendant is unlawfully in the United States and has a history of substance abuse, the special conditions that he follow the directives of the United States Immigration and Customs Enforcement and participate in substance abuse treatment are appropriate.   Unless United States Immigration and Customs Enforcement detains defendant for deportation, within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report to the U.S. Probation Office in the District in which he is released.   While on supervised release, defendant shall comply with the mandatory and standard conditions adopted by this Court and the special conditions of supervision as set forth in Part D of the Presentence Report (Doc. #232).

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. #545) filed

---

[3]        Defendant had one disciplinary incident in 2019 for failure to provide a urinalysis, but he has not received any other infractions in the past ten years.   Defendant had several disciplinary incidents before 2013, but they were all nonviolent.

December 27, 2022 is **SUSTAINED in part**.  **The Court reduces defendant's sentence from life to 240 months in prison and ten years of supervised release.  Unless United States Immigration and Customs Enforcement detains defendant for deportation, within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report to the U.S. Probation Office in the District in which he is released.  While on supervised release, defendant shall comply with the mandatory and standard conditions adopted by this Court and the special conditions of supervision as set forth in Part D of the <u>Presentence Report</u> (Doc. #232).  Except as modified above, all other terms and conditions of the <u>Judgment In A Criminal Case</u> (Doc. #247) filed December 21, 2009 shall remain in effect.**

Dated this 5th day of May, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge