IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CRIMINAL ACTION | |
| v. | ) | | |
| | ) | No. 08-20160-01-KHV | |
| JUAN MATA SOTO, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## MEMORANDUM AND ORDER

On December 21, 2009, the Court sentenced defendant to life in prison.   On May 5, 2023, pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court reduced defendant's sentence to 240 months in prison and ten years of supervised release.   This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [And] Motion For Appointment Of Counsel (Doc. #567), his Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical In Support [Of] Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 (Doc. #568) and his Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion] (Doc. #569), all filed December 5, 2023.   For reasons stated below, the Court dismisses defendant's Section 3582(c)(2) motion and overrules his other motions.

Initially, defendant asks the Court to appoint counsel to assist him with his motion.   On December 15, 2023, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.   Defendant has no constitutional or statutory

right to appointment of counsel in the prosecution of a Section 3582(c)(2) motion.   See Coronado

v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct

appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th

Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).   In determining whether to

appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims;

(2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her

claims; and (4) the complexity of the claims involved.   See Williams v. Meese, 926 F.2d 994, 996

(10th Cir. 1991).   Applying these factors, the Court declines to appoint counsel.   As explained

below, defendant's claim lacks merit.   In addition, defendant's claim is not particularly complex

factually or legally.   Finally, defendant appears able to adequately present his claim.   For these

reasons, the Court overrules defendant's request for counsel.

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d

945, 947 (10th Cir. 1996).   Defendant seeks relief under Section 3582(c)(2), which permits the

Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a

sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to

28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant

must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must

show that he was sentenced based on a guideline range the Sentencing Commission lowered after

his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his

request for a sentence reduction is consistent with the Commission's policy statements; and

(3) defendant must convince the district court that he is entitled to relief in light of the sentencing

factors found in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).

Under Tenth Circuit precedent, the first hurdle is jurisdictional.   Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).   But cf. United States v. Hald, 8 F.4th 932, 943 (10th Cir. 2021) (noting apparent tension between C.D. and recent Supreme Court precedent), cert. denied, 142 S. Ct. 2742 (2022).

Defendant seeks relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") reduces the total offense level for certain defendants with zero criminal history points.   The Sentencing Commission voted to apply the amendment retroactively to those offenders currently in prison.   U.S.S.G. § 1B1.10(d).   Defendant has zero criminal history points.   See Amended Presentence Investigation Report (Doc. #122) filed September 16, 2009, ¶ 59.   Defendant is not eligible for relief under Amendment 821, however, because his amended guideline range remains the same.   Amendment 821 lowers defendant's total offense level from 45 to 43.   Even so, his amended guideline range is life.[1]   Accordingly, the Court dismisses defendant's motion to reduce sentence.   Because defendant is not eligible for relief, the Court overrules as moot his motions for the government to produce certain documents

---

[1]        At sentencing, because the Sentencing Guidelines do not include ranges for offense levels above 43, the Court applied the range for an offense level 43.

The government—assuming that defendant's original offense level was 43—notes that under Amendment 821, defendant's guideline range would be reduced from life to 324 to 405 months.   See Response Of The United States To Defendant's Motion For Sentence Reduction (Doc. #570) filed December 6, 2023 at 3.   Defendant's present sentence of 240 months in prison is below the low end of the government's calculated amended guideline range.   Accordingly, even if Amendment 821 lowered defendant's guideline range to 324 to 405 months (a total of four levels), a reduced sentence would be inconsistent with the Commission's policy statement. U.S.S.G. § 1B1.10(b)(2)(A) (unless defendant's original sentencing range was lowered pursuant to government motion to reflect substantial assistance to authorities, court may not impose reduced sentence below low end of amended guideline range); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with applicable policy statements issued by Sentencing Commission); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing).

in support of his motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 (Doc. #567-1) filed December 5, 2023 is **DISMISSED** and defendant's Motion For Appointment Of Counsel (Doc. #567-2) filed December 5, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical In Support [Of] Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 (Doc. #568) filed December 5, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion] (Doc. #569) filed December 5, 2023 is **OVERRULED as moot**.

Dated this 22nd day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge